**GREGORY NICOLAYSEN (CA 98544)**
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Phone: (818) 970-7247
Fax: (661) 252-6023
Email: gregnicolaysen@aol.com

Attorney For Defendant,
Cynthia Raygoza

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CYNTHIA RAYGOZA, et al., ) <br> ) <br> Defendants ) <br> _____ ) | 2:25-CR-00780 SVW <br><br> **REQUEST FOR TRIAL SETTING CONFERENCE, FILED BY DEFENDANT CYNTHIA RAYGOZA** <br><br> Requested Date: January 26, 2026 <br> Time: 11:00 a.m. |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Defendant Cynthia Raygoza, through her CJA counsel of record, Gregory Nicolaysen, submits this request to the Court to use the upcoming January 26, 2026 motions hearing date to also conduct a trial setting conference to set a new trial date, based on the First Superseding Indictment ("FSI") which was filed on

January 15, 2026 (Pacer docket #103). As of the filing of this Request, the dates for post-indictment arraignments on the FSI are being coordinated through Roybal Intake and will likely be February 2 and 3, 2026.

    This Request is based on the attached Declaration of Ms. Raygoza's counsel.

DATED:    January 21, 2026        Respectfully Submitted,


                                                  _____/S_____
                                                  GREGORY NICOLAYSEN
                                                  Attorney for Defendant,
                                                  CYNTHIA RAYGOZA

## DECLARATION OF GREGORY NICOLAYSEN

**I, GREGORY NICOLAYSEN, declare and state as follows:**

**1. I am an attorney duly licensed to practice in the state of California and in the U.S. District Court for the Central District of California. I am CJA counsel for defendant Cynthia Raygoza in the prosecution entitled, United States vs. Cynthia Raygoza, et. al., Case No. 2:25-CR-00780-SVW. All of the statements contained herein are made and based on my own personal knowledge, and if called as a witness, I would testify competently thereto.**

**2. The trial in this action is currently set for February 24, 2026.**

**3. I am submitting this declaration in support of a request that the Court schedule a trial setting conference in this action to set a new trial date, and to use the upcoming January 26, 2026 motions hearing for this purpose. For the reasons discussed below, I believe the Court should set a new trial date in order to afford sufficient time in which to litigate pretrial issues arising out of the First Superseding Indictment ("FSI") which was filed on January 15, 2026, and to adequately prepare the defense for trial.**

**4. Count One of the original indictment charged a conspiracy under 18 U.S.C. § 371 to violate 18 U.S.C. § 119(a), which prohibits knowingly making "restricted personal information about a covered person, or a member of the immediate family of**

3

that covered person, publicly available." Here, the "covered person" is an ICE agent, identified by the initials "R.H." The timetable for Count One was "on or about August 28, 2025." While the "on or about" language is standard in indictments, it is clear from the indictment (and the pretrial discovery) that the events of this case occurred on a single date. This fact is reflected in the Overt Acts in Count One, all of which occurred on August 28, 2025, including the allegation that "Defendants publicly disclosed on the Instagram Accounts R.H.' s personal address and told viewers, 'come on down .'" [Overt Act #5].

    5.    Count Two in the original Indictment charged a substantive violation of 18 U.S.C 119(a), essentially reiterating Overt Act #5 in alleging: "On or about the August 28, 2025, . . . (the defendants) knowingly made publicly available the following restricted personal information about a covered person, namely, the home address of R.H."

    6.    On January 12, 2026, the government filed a request to dismiss Count Two of the original indictment. (Pacer docket #97). It appears that the government recognized that in fact, the defendants had never publicly disclosed the agent's home address, which means the grand jury had returned the original indictment on the basis of false information.

    7.    On January 13, 2026, the Court granted the government's dismissal request with a statement in the docket that "The parties shall proceed to jury trial on count one of the indictment on February 24, 2026 at 9:00 a.m." (Pacer docket

#99).  By this dismissal, the government's case was reduced to alleging that the defendants had conspired to make the agent's home address publicly available; but not actually doing so, leaving open the serious question of how the error that resulted in the dismissal of Count Two had been presented to the grand jury.  This question of presentation arises again in the context of the superseding indictment discussed below, which is one of the reasons I am requesting a trial setting conference to set a new trial date.

      8.      On January 15, 2026, the government filed the First Superseding Indictment ("FSI"). (Pacer docket #103).

      9.      The FSI contains a new Count Two which charges the defendants with stalking, under 18 U.S.C. §§ 2261A(2)(B).  By this charge, the government has ushered into the case an entirely new theory of prosecution alleging that the defendants "engage(d) in a course of conduct, described in paragraph 2 below, that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to R.H., R.H.'s immediate family members, and R.H.'s spouse."  The defendants' conduct alleged in paragraph 2 is the same as that alleged in the original indictment, which all occurred on August 28, 2026.

      10.      The new stalking charge in Count Two of the FSI raises issues that should be challenged by pretrial motions but require a continuance of the trial date in order to do so.  Ordinarily, the conduct that comprises the crime of stalking is

not confined to a single day.  Here, the pretrial discovery, as well as the allegations in both the original and superseding indictment, show that the conduct at issue occurred on August 28, 2025. That the events occurred on a single day is not in dispute.  Moreover, the events as described in the indictment, including the overt acts in Count One, depict continuous, uninterrupted activity that began in downtown Los Angeles and ended on a residential street in Baldwin Park. There is no indication in the FSI of any separation in time in regard to the defendants' conduct to demonstrate repetition and persistence, which would typically apply to a charge of stalking.

11. Accordingly, I consider it my responsibility as defense counsel to research the applicable case law and file a pretrial motion to dismiss Count Two on the ground that the FSI fails to allege facts sufficient to constitute the requisite "course of conduct" necessary to state an offense under 18 U.S.C. §§ 2261A(2). Fed.R.Crim.P. 12(b)(3)(B)(v) [pretrial motion may challenge "a defect in the indictment or information; including . . . failure to state an offense"). There is insufficient time in which to litigate this issue with the current February 24, 2026 trial date.

12. An additional pretrial motion that may need to be filed is for an order directing the government to disclose the grand jury transcripts pertaining to the FSI to determine whether error before the grand jury has occurred for the second

time, namely whether the grand jury that returned the FSI was properly charged on the elements under the stalking statute, particularly as to the "course of conduct" requirement. There is insufficient time in which to litigate this issue with the current February 24, 2026 trial date.

13. Further, the stalking charge in Count Two radically alters the posture of this prosecution by presenting the ICE agent and his wife as victims of "substantial emotional distress," an element that did not exist in the predecessor Count Two charging a violation of section 119(a).

14. The new claim of victimization in Count Two of the FSI may necessitate pretrial discovery litigation on such matters as the production of records pertaining to any psychological treatment the agent or his wife obtained as a result of the defendants' alleged conduct; as well as emails sent by the agent or his wife in which s/he comments on or discusses the individual defendants or their conduct. *See*, United States v. Shepard, 2012 U.S. Dist. LEXIS 4623, at *18-19 (D. Ariz. Jan. 13, 2012)[in stalking case, "the Court agrees with the defense that inquiry as to whether treatment was sought (by the victim) is an appropriate area for inquiry at trial" and finds victim's emails to be "material to preparing the defense" to warrant production under Fed.R.Crim.P. 16(a)(1)(E)(i)]. There is insufficient time in which to litigate these issues with the current February 24, 2026 trial date.

7

15.     For these reasons, I respectfully ask the Court to conduct a trial setting conference at the January 26, 2026 motions hearing.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 21, 2026 at Valencia, California.

                                              /S/
                            **GREGORY NICOLAYSEN**