CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar No. 302351)
(E-Mail: Erica_Choi@fd.org)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_coit@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA RAYGOZA,<br>ASHLEIGH BROWN,<br>SANDRA CARMONA SAMANE,<br><br>Defendants. | Case No. 2:25-CR-780-SVW-2<br><br>**DEFENDANT ASHLEIGH BROWN'S MOTION IN LIMINE NO. 1 TO EXCLUDE STATEMENTS FROM KARMANE TONEY**<br><br>Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m. |

The defendant Ashleigh Brown, by and through her attorneys, Deputy Federal Public Defenders Erica Choi and Shannon Coit, requests the Court preclude the government from introducing or referencing evidence of Karmane Toney's statements about Ms. Brown, which are irrelevant and prejudicial. Likewise, if Ms. Brown testifies, the government should be precluded from inquiring about Ms. Brown's personal history as a victim of doxxing, which is also irrelevant.

1

### A. Introduction

The government alleges Ms. Brown and her co-defendants engaged in a conspiracy to publicly disclose ICE Deportation Officer Rogelio Huitzlin's home address, and cyberstalked Officer Huitzilin, on August 28, 2025. Superseding Indictment, ECF 103. All of the overt acts as to the conspiracy are alleged to have taken place on August 28, 2025. *See id.* Likewise, the "course of conduct" supporting a cyberstalking charge occurred on August 28, 2025. *See id.* The facts of this case are narrow.

The government has twice interviewed Karmayne Toney, who is neither a witness nor someone with any relevant information about this case. Karmayne Toney has negative personal feelings towards the defendant Ashleigh Brown. She reached out to the government to share those sentiments. None of Ms. Toney's opinions and past experiences with Ms. Brown are relevant to this case.

The government indicated it is not calling Karmayne Toney to testify. However, if Ms. Brown elects to testify, the government intends to cross-examine Ms. Brown about her claims of being a victim of doxxing. To explain, Karmayne Toney and others have doxxed Ms. Brown by sharing her home address widely on social media. According to the government, Ms. Brown's claims of being a victim of doxxing are relevant to this case.

The defense seeks a pretrial order that the government be precluded from using, admitting, or referencing any of Ms. Toney's statements about Ms. Brown. They are completely irrelevant. If Ms. Brown testifies, the government should be precluded from asking her about her experience as a victim of doxxing.

### B. Karmayne Toney's Interviews with the USAO

On October 16, 2025, Ms. Toney contacted the United States Attorney's Office. Ms. Toney spoke with an AUSA. In that interview, Ms. Toney made "multiple complaints about Brown in general." ROI by Robert Kurtz III, USAO 69.

        On November 13, 2025, the government again interviewed Ms. Toney. In that interview, Ms. Toney made various accusations about Ms. Brown and a family member. Ms. Toney told the government that Ms. Brown is "crazy" and "needs to be stopped." ROI by Eric Diaz, USAO 233.

Ms. Toney made slanderous accusations about Ms. Brown in varying degrees, but none of the evidence she turned over to the government substantiated her claims.

### C. Karmayne Toney's Statements About Ms. Brown are Irrelevant.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

None of Ms. Toney's statements to the government are relevant to this case. Ms. Toney was not present on August 28, 2025, has no personal knowledge of the events at issue, and has had no direct communication with Ms. Brown in years. Nothing she told the government has any bearing on any facts of consequence in determining this case. Yet the government has spoken to Ms. Toney at least two times. Out of an abundance of caution, Ms. Brown files this motion in limine to exclude Ms. Toney's irrelevant, prejudicial, and baseless accusations about her.

### D. Ms. Brown's Experience Being a Victim of Doxxing Should be Excluded.

The government has indicated Ms. Brown's claims of being a victim of doxxing are relevant to this case, and intends to cross-examine her on it if she testifies. Ms. Brown's experience being doxxed (by Karmayne Toney and others) has no relevance whatsoever to this case. Ms. Brown was a victim of doxxing. The Court should not allow the government to engage in this inappropriate, irrelevant line of questioning. It is incredulous that the government would want to discredit Ms. Brown—an actual victim of doxxing—in a conspiracy to dox case.

The defense sees no relevance to this topic, but if the Court permits the government to engage in this line of inquiry, it should be extremely limited.

### E. Conclusion

The Court should order the government not be permitted to introduce, suggest, or reference any statements from Ms. Toney in this case. Likewise, if Ms. Brown elects tot testify, the Court should exclude the government from questioning Ms. Brown about her experience as a victim of doxxing.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 26, 2026     By  */s/ Erica Choi*
ERICA CHOI
SHANNON COIT
Deputy Federal Public Defenders
Attorney for ASHLEIGH BROWN