CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
ERICA CHOI (Bar No. 302351)
(E-Mail: Erica_Choi@fd.org)
SHANNON COIT (Bar No. 298694)
(E-Mail: Shannon_coit@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
ASHLEIGH BROWN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CYNTHIA RAYGOZA,<br>ASHLEIGH BROWN,<br>SANDRA CARMONA SAMANE,<br><br>  Defendants. | Case No. 2:25-CR-780-SVW-2<br><br>**DEFENDANT ASHLEIGH BROWN'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE ABOUT UNRELATED FAMILY DEATH**<br><br>Hearing Date: February 9, 2026<br>Hearing Time: 11:00 a.m. |

The defendant Ashleigh Brown, by and through her attorneys, Deputy Federal Public Defenders Erica Choi and Shannon Coit, requests the Court preclude any testimony or evidence regarding an unrelated death in the victim's family. The defense seeks to exclude testimony and evidence that: (1) Rogelio Huitzilin and Jessica Herrera's eldest son Alonzo passed away in 2024; (2) Jessica Herrera felt "compounded" "emotional distress" because this incident occurred near the anniversary of Alonzo's death and birthday; and (3) Officer Huitzilin was on his way home to buy a

puppy for his children. The passing of a child is very sad, but has nothing to do with this case. Any evidence about the loss of their eldest child is not relevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

Co-defendant Sandra Samane, by and through her counsel, Robert Bernstein, joins in this motion.

### A. Relevant Background

On January 27, 2026, the government produced a report of interview indicating that Officer Huitzilin and Jessica Herrera's eldest son Alonzo passed away on August 3, 2024. According to the ROI,

> The emotional distress experienced by Jessica was compounded by the recent passing of her eldest son, Alonzo, who died on August 3, 2024. The incident occurred close to the anniversary of his death and only days before what would have been his birthday on August 30. This timing intensified the emotional impact on Jessica and her family during an already difficult period of mourning.
>
> Since the incident, Jessica has struggled with sleep, attempted to seek therapy, and avoids taking her children out in public due to ongoing fear. She takes extra precautions at home (locking gates, keeping dogs in the front yard, hiding her identity). . . .
>
> The family has since moved more than several miles away, uprooting their lives and enrolling their children in new schools. The move has caused additional hardship, such as longer commutes.

USAO 299-300. In a separate report, Officer Huitzilin states he left work on August 28, 2025, to buy a puppy with his family. USAO 302.

### B. Applicable Law

"Irrelevant evidence is not admissible" at trial. Fed. R. Evid. 402. Evidence that is relevant may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart from its judgment as to his guilt or innocence of the crime charged*." *United States v. Haischer*, 780 F.3d 1277, 1282 (9th Cir. 2015) (citation omitted).

### C. Testimony about Officer Huitzilin and Jessica Herrera's deceased son, and their grief, is not relevant.

Because Rule 403 concerns the admissibility of *relevant* evidence, the Court must first determine whether the evidence at issue is "relevant," as defined by Rule 401. Relevance describes the relationship between "an item of evidence and a matter properly provable in the case." Fed. R. Evid. 401 advisory committee's note.

Here, there is no probative value to this evidence. Officer Huitzilin and Jessica Herrera's unrelated prior loss of a child is simply not relevant to this case. It does not make any fact at issue more probable than not. That Jessica Herrera was already in an emotionally distressed state because of unrelated family loss -- and that she felt "compounded" emotional distress -- has no bearing on whether defendants committed the crimes alleged in the Superseding Indictment. The statute requires a conviction if the *defendants*' "**conduct** . . . **caused**, attempted to cause, and would reasonably be expected to cause substantial emotional distress." Any pre-existing emotional distress from a unrelated event is irrelevant.

While this evidence has no probative value, the risk of unfair prejudice, confusing the issues, and misleading the jury are very high. There is no greater grief than that of a parent who has lost a child. The government should not be allowed to

exploit that grief to obtain a conviction. The defendants did not know about Officer Huitzilin's deceased son, it was not part of the interaction, and it is not part of the charged conduct in any way. Any evidence that Officer Huitzilin and Jessica Herrera lost their son in 2024 will only invoke jury sympathy, and adversely affect the jury's attitude toward the defendants apart from their judgment as to guilt or innocence of the crimes charged. There is an obvious risk that defendants' conduct will be perceived as callous and cruel because Officer Huitzilin and his spouse were privately grieving their loss. The defendants did not know about Officer Huitzilin and Jessica Herrera's personal family affairs. It was not at all part of the interaction on August 28, 2025, or anytime thereafter.

**D.    Conclusion**

The Court should preclude any testimony and evidence that Officer Huitzilin and Jessica Herrara's son passed away one year prior, that this incident occurred days before their deceased son's birthday, that they felt more emotional distress because they were in mourning, and that Officer Huitzilin was on his way to buy his family a puppy on August 28, 2025, two days before his deceased son's birthday.

Respectfully submitted,
CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 27, 2026            By  /s/ Erica Choi
ERICA CHOI
SHANNON COIT
Deputy Federal Public Defenders
Attorney for ASHLEIGH BROWN