UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | CASE NO: 2:25-cr-00780-SVW-1,2 |
| | CRIMINAL |
| vs. | Los Angeles, California |
| CYNTHIA RAYGOZA, ASHLEIGH BROWN, | Monday, June 15, 2026 |
| Defendants. | (11:58 a.m. to 12:11 p.m.) |

HEARING RE:

MOTION FOR ACQUITTAL [DKT.NO.188];

MOTION FOR ACQUITTAL OR FOR A NEW TRIAL [DKT.NO.213]

BEFORE THE HONORABLE STEPHEN V. WILSON,
UNITED STATES DISTRICT JUDGE,
PRESIDING

APPEARANCES: SEE PAGE 2

Court Reporter: Recorded; CourtSmart

Courtroom Deputy: Daniel Tamayo

Transcribed by: Exceptional Reporting Services, Inc.
20079 Stone Oak Pkwy.
Suite 1105-237
San Antonio, TX 78258
361 949-2988

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

**APPEARANCES:**

For Plaintiff: AUSA LAUREN ELIZABETH BORDER
U.S. Attorney's Office
312 N. Spring Street.
Los Angeles, CA 90012

For Cynthia Raygoza: GREGORY NICOLAYSEN, ESQ.
27240 Turnberry Lane
Suite 200
Valencia, CA 91355

For Ashleigh Brown: DFPD ERICA CHOI
Federal Public Defender's Office
321 East 2nd Street
Los Angeles, CA 90012

**Los Angeles, California; Monday, June 15, 2026; 11:58 a.m.**

**--oOo--**

**THE CLERK:** Calling Item Number 4, Case Number 25-780, United States of America versus Cynthia Raygoza and Ashleigh Brown.

Counsel, please state your appearances with the Government first.

**MS. BORDER:** Good morning, Your Honor. Lauren Border for the United States.

**MR. NICOLAYSEN:** Good afternoon, Your Honor. Greg Nicolaysen, counsel for Defendant Cynthia Raygoza who is present on bond.

**MS. CHOI:** Good morning, Your Honor. Erica Choi and Shannon Coit on behalf of Ashleigh Brown who is present, also on bond.

**THE COURT:** I just want argument on one issue. I'm very familiar with the evidence. I reviewed it, the Court has reviewed it many, many times. I've considered the briefs and the arguments. The only issue that I want some argument on is the issue of conduct versus speech. So I'll hear from the defendants first.

**MS. CHOI:** Thank you, Your Honor.

The Government in their surreply essentially is claiming that they did not prosecute Ms. Brown for her speech, that they prosecuted her for conduct but there are two problems

with that.

First, at trial, the Government specifically told the jury to convict Ms. Brown for her statements for her speech. They listed each thing she said and told her that each of her statements was a separate act that could be used to establish a course of conduct. And the jury instructions let the jury do just that. So I don't know how the Government can come in now and claim they weren’t prosecuting Ms. Brown for her protected speech.

And second, the other problem is that what they are labeling conduct is also protected by the First Amendment. If you look at what Ms. Brown did, she filmed an official ICE vehicle on the public streets. That was breaking the law by driving without a license plate. She subjectively believed that she was going to document an ICE raid in progress. That’s protected First Amendment actions under decades of settled law.

When she got to Childsfield (phonetic) Street, she stood on a public sidewalk and filmed just like a reporter might, just like any member of the public might. And she had a First Amendment right to do that.

When she got detained by Baldwin Park Police, she continued filming to document her own detention. And again, filming the police is classic First Amendment protected activity.

She told viewers to come to where she was being

detained and asked them to come down to witness her being detained by police. Again, she had a First Amendment right to do just that. The Government seems to be saying that if you do a lot of things that are protected by the First Amendment at the same time somehow they lose their constitutional protection but that's just wrong.

More recently as we pointed out in our reply, the Supreme Court held once again in Child v. Salazar (phonetic) that the Government cannot try to get around the First Amendment and prosecute someone for speech or activity that's protected by the Constitution by relabeling it as conduct but that's what they're doing here. And I think it's important to understand what's going on here.

A lot of people since last year and to the present day have been filming ICE vehicles and sharing their videos to the general public so that people know what ICE is doing and that's what the First Amendment is supposed to protect. The Government seems to be saying in this case if you accidentally end up at an ICE agent's house while you're doing that, they can turn around and prosecute you with a crime even if you're staying on the public streets and sidewalks and even if you try to leave in a few minutes but that can't be right.

Cyberstalking turns on intent and there's no dispute that Ms. Brown's intent was to document an ICE raid. Once she figured out there was no raid, she didn't stick around. She

did not come back to harass Officer Witzerland (phonetic) another day. She tried to leave immediately. And once she was able to leave she did so and never again came back, never spoke about him publicly, never posted anything again. Everything she did was protected by the First Amendment.

**THE COURT:** Okay.

**MS. CHOI:** Thank you.

**THE COURT:** Let me hear the Government's response only as to Brown and we'll deal with the other defendant separately.

**MS. BORDER:** Thank you, Your Honor.

In February 12, Los Angeles jurors unanimously found that Ms. Brown had stalked RH.

**THE COURT:** Don't tell me things that aren't disputed.

**MS. BORDER:** Understood, Your Honor.

Ossinger (phonetic) is still controlling here, Your Honor, and the Ninth Circuit held in Ossinger that even if stalking involved some spoken or rank communication, that does not transform a crime into constitutionally and protected expression. I think I heard counsel for Brown say that her client had an intent to document, not an intent to stalk. That's a fact issue that was decided by the jury, Your Honor, that Ms. Brown had an intent to harass. And the legal standard on a motion for acquittal, as Your Honor knows, is that whether

any rational trier of fact --

**THE COURT:** I know what the standard is, just deal with conduct versus First Amendment.

**MS. BORDER:** The defendants harassed RH in person. They followed him home from work. They live-streamed his face, his tattoos, his family. They posted an address --

**THE COURT:** When they started following the agent, at that point they didn't know he was going home and the Court has to accept that at that point they were of the belief that he was going to some ICE function and that they as citizens had the right to observe whatever he was doing. There came a point when they knew that he wasn't going to an ICE function, he was at home. So when you say "stalking," what do you mean?

**MS. BORDER:** All of the conduct that -- Your Honor, I don't believe that Your Honor should also ignore --

**THE COURT:** Are you arguing that all of the conduct is considered the conduct that began with just pursuing the agent with the idea of observing what he would do in an ICE function? Is that stalking?

**MS. BORDER:** The Government believes that Your Honor under looking at all the circumstances should view all of it, including the following. But even if Your Honor were to put the following aside --

**THE COURT:** Why should I view the following part of it as part of the nucleus of facts? I mean at that point the

ICE agent was -- arguably just following the ICE agents, thinking that they were going to some ICE function and that they wanted to observe it. But why should that be part of what eventually happened on the videos?

**MS. BORDER:** The statute says it's just two or more acts evidencing a continuity of purpose, Your Honor. And I believe the jury found --

**THE COURT:** You're not helpful because the continuity of purpose I've just said that the purpose at the outset would appear not to be conduct but protected speech and then it changed to arguably something else. The jury found that. And so your argument is that all of it is part of the speech?

**MS. BORDER:** That it's all the part of a course of conduct, Your Honor, but even putting aside the following --

**THE COURT:** But what do you mean course of conduct? The course of conduct has to have the purpose, right? The same purpose.

**MS. BORDER:** And it was to harass R.H. and his family.

**THE COURT:** Well I mean but they didn't know when they started that he was going to his home. What happened to his home is a different analysis. All right. Thank you. You can be seated.

Now let me hear about the --

**MR. NICOLAYSEN:** Counsel for Defendant Raygosa, Your

Honor?

**THE COURT:** Yes, Mr. Nicolaysen.

**MR. NICOLAYSEN:** Your Honor, thank you. I join in my cocounsel's arguments. And one of the key points that I would like to emphasize is the First Amendment nature of the following the van because stalking is an individual crime and I cite that on page 5, the Shrader case, 675 F.3d 300, Fourth Circuit 2012. It says stalking is an offense that is specific to an individual. And here, the three defendants were following a van, they were not following a particular individual and therefore I respectfully submit that the portion of the Government's case involving the following of the van is essentially irrelevant to the stalking analysis so the stalking analysis really begins when the ICE agent arrived on his residential street.

**THE COURT:** Well isn't that what I said?

**MR. NICOLAYSEN:** Your Honor, I believe that you were alluding to that but you were still using the idea of following the agent believing the agent is going to an ICE function. And I would ask the Court to modify that view just a bit by saying they're not following the agent at all, they're just following a van that they believed to be an ICE van and they are correct it's an ICE van but stalking is specific to an individual.

**THE COURT:** I understand that. Move on to something else.

**MR. NICOLAYSEN:** The particular conduct attributable to my client, Ms. Raygoza, involves her on the residential street, if you will, shouting, yelling, that there is an ICE agent who lives on your street, making that announcement to other residents on the street. This invokes the First Amendment rights that are addressed in U.S. v. Sayer, 748 F.3d 425 which I cite on page 17 of my reply. And the holding there in part is that the stalking statute targets conduct performed with serious criminal intent, not just speech that happens to cause annoyance or insult and that's a distinction that applies here because I will certainly acknowledge that one might consider my client's behavior annoying and in certain points insulting but that still falls within the rubric of the First Amendment.

The remainder of the episode on the street which comprises essentially an hour to an hour and a half, that's the totality of this case, involves Ms. Raygoza in a face-to-face verbal confrontation if you will --

**THE COURT:** I've looked at that video --

**MR. NICOLAYSEN:** Many times --

**THE COURT:** -- very carefully.

**MR. NICOLAYSEN:** Okay. And I submit that that likewise falls within the First Amendment. There is no conduct that would take the case against her outside the First Amendment conduct. Thank you.

**THE COURT:** Thank you. Okay, the matter will stand submitted.

**(Proceeding adjourned at 12:11 p.m.)**

**CERTIFICATION**

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**June 28, 2026**

**Signed** **Dated**

***TONI HUDSON, TRANSCRIBER***